```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARTIN                                         CIVIL ACTION

VERSUS                                         NO: 10-3043

ABDON CALLAIS OFFSHORE, LLC                    SECTION: "J" (1)
```

### ORDER AND REASONS

Before the Court is Plaintiff Duane Martin's Motion for Partial Summary Judgment on Daily Maintenance Rate (Rec. Doc. 19), an Amendment thereto (Rec. Doc. 23), Defendant Abdon Callais Offshore, LLC (ACO)'s Response (Rec. Doc. 26), and Plaintiff's Reply (Rec. Doc. 30).

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff was hired by ACO on March 15, 2007. At the time of the first accident on January 30, 2010, he was employed as first engineer, earning $325.00 per day. On that day, Plaintiff injured his left knee as he carried a generator core winding unit. The accident was reported and plaintiff was removed from the vessel to receive medical attention. An orthopaedic surgeon, Dr. Richard

1

A. Morvant, Jr., diagnosed Plaintiff with an acute tear of the anterior cruciate ligament and a large oblique tear of the medial meniscus. On March 4, 2010, Dr. Morvant performed an anterior cruciate ligament allograft reconstruction with the use of screws and a partial medial meniscectomy repair. On or about March 15, 2010, Plaintiff was assigned to "light duty." Plaintiff claims that he has not yet reached MMI for his left knee, asserting that he currently continues to treat with Dr. Morvant. Defendant points out, however, that Plaintiff failed to report that he was being treated for pain and swelling in his left knee dating back to January 30, 2008.

    On or about August 25, 2010, Plaintiff sustained an injury to his lower back, as he was bent over cutting non-skid deck plates while aboard the M/V MONICA CALLAIS, a vessel owned and/or operated by the defendant. At the time of this second accident, Plaintiff was on light duty from the initial accident of January 30, 2010, but he had to perform some of the duties of a deckhand. By the next morning, August 26, 2011, Plaintiff was experiencing pain to his back and reported this to Captain Clifton Johnson who completed an accident report. Plaintiff went to the ER where he was diagnosed with acute low back pain and instructed to obtain follow-up care. However, the ACO personnel did not authorize follow-up medical treatment for Plaintiff's back. Plaintiff

sought treatment on his own, which included injections and medication with Dr. Kenneth N. Adatto for his lower back, without relief. Dr. Adatto assigned a temporary disability status to Plaintiff and imposed restrictions, including no repetitive stooping, bending or lifting over 10 to 20 pounds and no prolonged sitting or standing in the same position for forty-five minutes. The lumbar discogram performed on February 14, 2011 by Dr. Patrick H. Waring was positive for pain at the L4-5 and L5-S1 levels. As of the office visit of March 10, 2011, Dr. Adatto has ordered an anterior lumbar fusion at two levels, L4-L5 and L5-S1. Plaintiff has requested that ACO authorize this surgery. To date, Defendant has not authorized any payment of maintenance and cure regarding this second accident and Plaintiff's back injury. Once again, Defendant points out that Plaintiff failed to report his prior chronic back pain and rheumatoid arthritis that was being treated back on May 4, 2010.

**THE PARTIES ARGUMENTS:**

Because Plaintiff states that he has not reached MMI with respect to his knee or lumbar spine, he argues that there is no issue as to his entitlement to maintenance and cure benefits. Plaintiff acknowledges that Defendant has paid maintenance benefits with respect to Plaintiff's left knee; however, Plaintiff complains that the amount currently paid is only $15.00

per day for a monthly total of $450.00. Plaintiff argues that because his actual costs of food and lodging are $41.40 per day, his maintenance award ought to be increased. According to Plaintiff, ACO has acted in an arbitrary and capricious manner by refusing to provide adequate maintenance despite being provided with sufficient proof of Plaintiff's actual costs. ACO has underpaid Plaintiff's maintenance, causing him to borrow funds which will have to be paid out of settlement/judgment after attorney's fees are deducted. Consequently, Plaintiff requests $11,563.20 for 438 days of past maintenance, $ 2,773.80 for 67 days (until trial) of future maintenance, and $ 5,734.80 in attorney's fees.

Defendant responds that Plaintiff's motion should be denied because he is not entitled to a judgment as a matter of law on the issues presented and because there are genuine issues of material fact that preclude summary judgment in favor of Plaintiff. Defendant contends that Plaintiff's failure to mitigate damages upon his departure from ACO precludes summary judgment as the circumstances surrounding Plaintiff's departure are a fact issue.  Defendant points out that from the time of his injury on January 30, 2010, Plaintiff was placed on light duty at ACO. Martin was paid a total of $30,053.22 and was provided food and lodging for several days from the time of his injury until he

quit his job with ACO on August 25, 2010. On August 30, 2010, Martin began receiving $15.00 per day for maintenance.

Plaintiff's reply underscores that Plaintiff has not failed to mitigate damages. Plaintiff states that he did not quit his job, as alleged by Defendant; rather, he sought medical care for his back injury, after which Plaintiff's physician noted that Plaintiff was temporarily disabled. Another argument made by Plaintiff is that Defendant should not get credit toward maintenance for money it paid Plaintiff in wages from January 30, 2010 through August 30, 2010. However, Plaintiff concedes that the starting date for his maintenance should be August 26, 2010. Thus, the amount due from Defendant is $26.40 per day for 259 days, for a total of $ 6,837.60.

**DISCUSSION:**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the

record but refrains from making credibility determinations or weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in

the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

Seamen injured in the course of their employment are entitled to receive maintenance benefits until they reach the point of maximum medical improvement ("MMI"). See Breese v. AWI, Inc., 823 F.2d 100, 104 (5th Cir.1987). Maintenance benefits are the reasonable costs of subsistence the seaman has incurred while recuperating on land. Hall v. Noble Drilling (U.S.) Inc., 242 F.3d 582, 587 (5th Cir. 2001). "A seaman is entitled to the reasonable cost of food and lodging, provided he has incurred the expense." Id. In calculating an award for maintenance, the Court must first estimate the "plaintiff seaman's actual costs of food and lodging; and the reasonable cost of food and lodging for a single seaman in the locality of the plaintiff." Hall, F.3d at 590. In order to recover maintenance, the seaman plaintiff must produce "evidence to the court that is sufficient to provide an

evidentiary basis for the Court to estimate his actual costs." *Id.* When determining the reasonable costs of food and lodging, the Court may consider evidence of "the seaman's actual costs, evidence of reasonable costs in the locality or region, union contracts stipulating a rate of maintenance or per diem payments for shoreside food or lodging while in the service of a vessel, and maintenance rates awarded in other cases for seamen in the same region." <u>Id.</u> at 590.

"A seaman's burden of production in establishing the value of maintenance is feather light: his own testimony as to reasonable cost of room and board in the community where he is living is sufficient to support an award." <u>Yelverton v. Mobile Labs., Inc.</u>, 782 F.2d 555, 558 (5th Cir. 1986) (citing <u>Curry v. Fluor Drilling Servs., Inc.</u>, 715 F.2d 893 (5th Cir. 1983)). Lodging includes those expenses "necessary to the provision of habitable housing," including utility costs. <u>Hall</u>, 242 F.3d at 587 n.17 (citing <u>Gillikin v. U.S.</u>, 764 F.Supp. 270, 273 (E.D.N.Y.1991)). However, "[a] seaman need not present evidence of the reasonable rate; a court may take judicial notice of the prevailing rate in the district." <u>Hall</u>, 242 F.3d at 590. After the court calculates the plaintiff's actual costs and the reasonable costs, the Court must then compare the two. "If actual

expenses exceed reasonable expenses, the court should award reasonable expenses. Otherwise, the court should award actual expenses." Id.

Courts have approved rates ranging from $30 to $40 per day. See, e.g., Hall, 242 F.3d at 591 (upholding district court's finding that maintenance raters of $30.50 and $31.50 were reasonable amounts for single seamen and noting that a reasonable $15 per day award in 1978 is equivalent to $38.35 in 1999 dollars); Nelton v. Cenac Towing Co., LLC, 2011 WL 289040, *22 (E.D.La. Jan. 25, 2011) (finding that a maintenance rate of $35.00 per day is reasonable); Mier v. Wood Towing, L.L.C., 2010 WL 2195700, *6 (E.D. La. May 28, 2010) (finding that a maintenance rate of $40.00 per day is reasonable); Harrison v. Diamond Offshore Drilling, Inc., 2008 WL 708076, *22 (E.D.La. Mar. 6, 2008) (finding that a maintenance rate of $37.00 per day is reasonable and noting that the rate of $31.50 per day recognized as reasonable in Hall in 2001 would be roughly equivalent to $38.00 per day in 2008); Nichols v. Weeks Marine, Inc., 513 F.Supp.2d 627, 639 (E.D.La. 2007) (finding that a maintenance rate of $30.00 per day is reasonable and appropriate).

Plaintiff has listed his monthly living expenses, requesting

$41.40 per day in maintenance. Plaintiff pays $800.00 a month for rent; $187.88 per month for electricity; $37.73 for natural gas; $21.58 for water; and $212.00 for food, which amounts to the total of $1,259.19 per month. Considering Plaintiff's actual expenses and recent awards by courts in the Fifth Circuit, the Court finds that the requested award in the amount of $41.40 is reasonable in this case. The Court further finds that plaintiff's actual expenses do not exceed reasonable expenses and Plaintiff is entitled to a maintenance rate of $41.40 per day. Accordingly, Defendant shall compensate Plaintiff for the underpayment of past maintenance (August 26, 2010 through April 13, 2011) at a rate of $41.40 ($26.40 times 259 days), for the total sum of $6,837.60 .

Defendants offer no evidence to justify a maintenance rate of $15.00 a day. The Fifth Circuit has held that amounts of $15-$30 were appropriate in the early 1980s. Hall v. Noble Drilling (U.S.) Inc., 242 F.2d 582, 592 (5th Cir. 2001).  More recent decisions have held that $15 in today's economy is arbitrary and capricious.  See Borders v. Abdon Callais Offshore, L.L.C., Civil Action No. 10-2763, Rec. Doc. 24 (4/25/11) (J. Africk awarding Plaintiff's attorney's fees associated with underpayment of maintenance). Defendant attempts to justify its outdated maintenance rate less than a month after J. Africk  held that

Defendant's $15 per day maintenance rate was unreasonable. The Court finds that Defendant was unjustified in paying $15 per day in maintenance. Accordingly, Plaintiff is entitled summary judgment increasing the rate of maintenance from $15 per day to $41.40 per day; Plaintiff is also entitled to attorney's fees associated with this motion to recover the underpayment of past maintenance. Plaintiff's counsel shall submit itemized fees and costs expended in connection with efforts to increase Plaintiff's maintenance award.

However, there are genuine issues of material fact as to whether Plaintiff has reached the point of maximum medical improvement, precluding an award of future maintenance.

For the reasons above, it is hereby **ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED in part**. Plaintiff's maintenance rate shall be adjusted to $41.40 per day retroactively to August 26, 2010. Defendant shall pay Plaintiff $6837.60 in past maintenance. This payment shall be made within 15 days from this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED** on issues of maximum medical improvement.

**IT IS FURTHER ORDERED** that within 15 days Plaintiff's

11

counsel shall submit an itemization of his fees and costs in connection with efforts to increase Plaintiff's maintenance rate. Any opposition shall be due 7 days thereafter.

New Orleans, Louisiana this the 20th day of May, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE